IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIA PRESTA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 17-cv-912 |
| | § | |
| OMNI HOTELS MANAGEMENT | § | JURY TRIAL DEMANDED |
| CORPORATION | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Lia Presta ("Presta"), and complains of Defendant Omni Hotels Management Corporation ("Omni"), for cause of action would respectfully show the Court as follows:

### I.
### SUMMARY AND NATURE OF THE LAWSUIT

1. This is an age and disability discrimination brought under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act of 1990, as amended ("ADAAA").

2. After taking advantage of Presta's 35 years of dedicated service, Omni refused to allow Presta to continue working based on her age and/or an assumed disability. Instead, the company told her to just "relax" and assumed she would not be able to operate new

equipment at the hotel.  Presta was 87 years old when Omni kicked her out.  She was (and still is) able and willing to work.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331.  Specifically, the claims brought under the ADEA and ADAAA involve federal questions.

4. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because Omni has a principal place of business in the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Presta's claims occurred in the Southern District of Texas.

## III.
## PARTIES

5. Presta is a citizen of the United States of America, and is a resident of Texas.

6. Omni is a foreign corporation and is licensed to do business in the State of Texas, with a principal place of business in Houston, Texas.  Omni may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.
## PROCEDURAL REQUISITES

7. On or about July 21, 2016, Presta filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a right-to-sue notice on or about February 28, 2017.  This lawsuit was filed within 90 days of receipt of the EEOC right-to-sue notice.

## V.
## FACTS

8. Presta's date of birth is May 22, 1928.

9. She started working at Omni's hotel located at Four Riverway, Houston, TX 77056 in April 1980.

10. Her last day worked was in late May 2015.

11. Presta worked in various jobs during the 35 years she was with the Omni, usually as a seamstress or in housekeeping or laundry.

12. In her last position, she was working about 32 hours per week, mostly in the laundry department.

13. In late May 2015, there was a storm in Houston and the Omni hotel at which Presta worked had a flooding problem.  As a result, the hotel shut down temporarily, and Presta and a few others were told to wait until it was operating again.

14. About 2-3 weeks later, Presta's supervisor told her to just "rest."

15. But Presta did not need to "rest".  She wanted to work.

16. In late August 2015, Vera Valdez (the HR assistant) told Presta's daughter that Presta had not been laid off, but was "on call."  It is unclear as to how it is possible for Presta to be "on call" as a worker in the laundry department, and Presta was unaware of such an "on call" position.

17. Presta was not paid to supposedly be "on call."

18. Presta was never asked to come back to work.

19. In early November 2015, Kim Cook (the HR manager) suggested that Presta apply for unemployment.  But Presta was still not told that she had been laid off.

20. Other workers (younger than Presta) had already been called back to work over the months following the May 2015 flooding.

21. On February 19, 2016, Presta went to visit the hotel to ask about her employment situation. Another employee told Presta that the laundry department had been running for some time, but Presta still did not know why she had not been called back to work.

22. That same day, while Presta was at the hotel, Kim Cook told her that the new machinery was too hard for her to understand.  But Presta was physically able to work the machines, and Presta did not know why Cook thought she could not work the machines.

23. The apparent explanation is that Cook did not want Presta working there because of her age (she was 87 years old at that time) or because she assumed Presta was disabled.

24. Cook again suggested that Presta apply for unemployment.

25. Based on Cook's recommendation, Presta did eventually apply for unemployment and began receiving unemployment benefits.

26. On June 22, 2016, Vera Valdez spoke to Presta's daughter.  Presta's daughter asked if there was any possibility of Presta going back to work.  Valdez said Presta was not in any condition to work.  There was no reason for Valdez to say or assume that, especially considering Presta had worked for 35 years at the same hotel and was a good employee.

27. Indeed, Presta did not have any performance problems during her employment with the hotel.

28. Ultimately, Omni never allowed Presta to return to work and repeatedly rejected her attempts to return; however, other employees did return to work.  These other employees are much younger than Presta.

29. Omni did not act in good faith.

30. Omni's unlawful actions were willful.

31. Omni's unlawful actions were committed with malice.

32. Presta has suffered economic damages, mental anguish, emotional distress, and other compensatory damages as a result of Omni's actions.

## VI.
## CAUSES OF ACTION

33. Presta hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein, and accordingly alleges the following causes of action.

**A.    Disability Discrimination under the ADAAA**

34. Based on the foregoing, Omni discriminated against Presta based on her disability or perceived disability when it repeatedly refused to allow her to return to work and/or terminated her, in violation of the ADAAA.  *See* 42 U.S.C. § 12101 *et seq.*

**B.    Failure to Accommodate under the ADAAA**

35. Based on the foregoing, to any extent Presta has a disability under the ADAAA, Omni failed to accommodate Presta and/or otherwise failed to engage in an interactive process, in violation of the ADAAA.  *See* 42 U.S.C. § 12101 *et seq.*

**C.    Age Discrimination under the ADEA**

36. Based on the foregoing, Omni discriminated against Presta based on her age, in violation of the ADEA.  *See* 29 U.S.C. § 623(a).

37. Presta is over the age of 40.

38. Omni treated other employees more favorably than Presta.

39. Omni acted with malice or with reckless indifference with respect to its treatment of Presta and by failing to comply with age discrimination laws.

40. Omni willfully violated the ADEA.

## VII.
## ATTORNEY'S FEES

41. As a result of Omni's actions, Presta has had to retain the undersigned attorney and incur

reasonable and necessary attorney's fees.

## VIII.
## JURY DEMAND

42. Presta hereby demands trial by jury.

## IX.
## DAMAGES

43. As a result of the above mentioned actions, Presta seeks the following damages:

    a.  Back pay;

    b.  Loss of benefits;

    c.  Loss of earning capacity;

    d.  Reinstatement or, in the alternative, front pay;

    e.  Loss of enjoyment of life;

    f.  Injunctive relief;

    g.  Mental anguish and emotional distress;

    h.  Compensatory damages;

    i.  Punitive damages;

    j.  Liquidated damages;

    k.  Reasonable and necessary attorney's fees;

    l.  Court costs;

    m.  Pre-judgment and post-judgment interest accruing at the maximum rate allowed

        by law;

n.   Any and all other damages and/or relief, equitable or otherwise, to which Presta

may be entitled under federal and state law.

**X.**
**PRAYER**

44. WHEREFORE, Presta respectfully prays that Omni be cited to appear and answer herein

and that upon a final hearing of this action, judgment be entered for Presta against Omni

for damages in an amount within the jurisdictional limits of this Court, which shall include

all above mentioned damages and any other relief, at law or in equity, to which Presta may

be entitled.

Respectfully submitted,

SUD LAW P.C.

*/s/ Nitin Sud*

Nitin Sud
State Bar No. 24051399
Fed. ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

Attorney for Plaintiff,
*Lia Presta*